UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 20-20448

D-1 DUANE PETERSON,
D-5 JAMES DAVIS,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION
## FOR A WRITTEN PROFFER AND A HEARING ON THE ADMISSIBILITY
## OF CO-CONSPIRATOR STATEMENTS

Before the court is Defendants' "Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirator Statements under FRE 801(d)(2)(E)." (ECF No. 230.) Defendants move the court to conduct an *Enright* hearing[1] to determine the admissibility of any alleged co-conspirator statements the government intends to use at trial. Additionally, Defendants seek to have the government submit a written proffer in advance of trial specifying those statements.

The government has filed a response in opposition to Defendants' motion, arguing that there is no right to early discovery of co-conspirator statements. (ECF No. 239.) The government also asserts that many of the statements at issue are non-hearsay and that an *Enright* hearing would be a "burdensome, time consuming, and uneconomic" means of meeting the foundation requirements of Federal Rule of

---

[1] *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978).

Evidence 801(d)(2)(E). Instead, the government urges the court to conditionally admit any co-conspirator statements, subject to possible further development at trial.

      Having reviewed the parties' briefings and considered their arguments, the court will utilize the preferred method that is "firmly entrenched in this circuit's practice" – i.e., conditionally admitting the co-conspirator statements subject to a later demonstration of their admissibility by a preponderance of the evidence without a pre-trial mini-hearing. *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984); *see also United States v. Bell*, No. CR 17-20183, 2022 WL 993634, at *3 (E.D. Mich. Apr. 1, 2022) (noting that the method of conditionally admitting co-conspirator statements is "the general and preferred practice within this circuit"); *United States v. Mills*, No. 16-CR-20460, 2019 WL 77032, at *3 (E.D. Mich. Jan. 2, 2019) (same); *United States v. Norwood*, No. 12-CR-20287, 2014 WL 1795560, at *2 (E.D. Mich. May 6, 2014) ("[A] preference has developed within this circuit for conditionally admitting the statements subject to the Government meeting its burden of proof at trial."); *United States v. Driver,* No. 09-20549, 2011 WL 761496, at *6 (E.D. Mich. Feb. 25, 2011) ("It appears that the general practice is to conditionally allow the admission of co-conspirator statements to prove the charged conspiracy."); *United States v. Coffman,* No. 09–181, 2010 WL 3924671, at *3 (E.D.Ky. Sept.29, 2010) ("[T]here is an implied preference in this Circuit to use the third option [(i.e., conditionally admitting co-conspirator statements)]."); *United States v. Johnston*, No. 5:12-CR-102-9-JMH, 2013 WL 3423268, at *3 (E.D. Ky. July 8, 2013) (noting that conditionally admitting the co-conspirator statements is "the method that appears to be most widely used in this circuit"). The court recognizes that if the government later fails to carry its burden to prove the admissibility of the

conditionally admitted co-conspirator statements, the court "should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield [Defendants] from prejudice." *United States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979).

Accordingly, IT IS ORDERED that "Defendants' Motion for a Written Proffer and Hearing on Admissibility of Co-Conspirator Statements under FRE 801(d)(2)(E)" (ECF No. 230) is DENIED.

                                                  s/Robert H. Cleland    /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: August 18, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 18, 2022, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner    /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\20-20448.PETERSON.CoconspiratorStatementProfferandEnrightHearing.NTH.v2.docx