**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 20-20448

D-1 DUANE PETERSON,

        Defendant.
_____/

**ORDER REGARDING DEFENDANT DUANE PETERSON'S DISCOVERY REQUESTS AND NOTICES IN COMPLIANCE WITH STANDING ORDER FOR DISCOVERY AND INSPECTION AND THE GOVERNMENT'S MOTION TO STRIKE**

On September 27, 2022, Defendant Duane Peterson filed with the court a document titled "Discovery Requests and Notices in Compliance with Standing Order for Discovery and Inspection", purportedly to comply with Standing Order No. 03-AO-027. (ECF No. 300.) The document includes several discovery requests to the government, as well as Defendant's notices that he will blanketly "contest the foundation for all exhibits" and "the chain of custody of all exhibits." (*Id.*) On the same day, the government moves to strike this document from the docket. (ECF No. 302.)

Neither Standing Order No. 03-AO-027 nor the Federal Rule of Criminal Procedure 16 require Defendant to file his discovery requests[1] or objections to exhibits, which can ordinarily be sent to the government directly for it to respond in accordance with the rules.[2] Thus, the court can only construe Defendant's most recent filing as an

---

[1]     The government was apparently not contacted regarding these specific discovery items prior to Defendant's filing. (ECF No. 302, PageID.2442.)
[2]     The Advisory Committee Notes to Federal Rule of Criminal Procedure 16 provides that "the rule provides that the parties themselves will accomplish discovery--

attempt to compel the production of discovery and to exclude evidence – a motion in disguise. "Local Rule 7.1(a)[3] requires a movant to seek concurrence from the opposing party prior to filing a motion and, if concurrence is not obtained, to state in the motion whether or not the parties conferred about the motion." *All About Chores LLC v. Lyon*, No. 18-CV-12000, 2019 WL 2590750, at *1 (E.D. Mich. June 25, 2019). "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *Id.* (quoting *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009)). As Defendant has failed to comply with this Local Rule prior to his filing on September 27, 2022, which is construed as a motion, the court must deny the reliefs he seeks to obtain therein.

Accordingly, IT IS ORDERED that Defendant's "Discovery Requests and Notices in Compliance with Standing Order for Discovery and Inspection" (ECF No. 300), construed as a motion to compel production and to exclude evidence, is DENIED for failure to seek concurrence pursuant to Local Rule 7.1(a).

IT IS FURTHER ORDERED that the government's "Motion to Strike Defendant's Discovery Requests and Notices in Compliance with Standing Order for Discovery and Inspection" (ECF No. 302) is DENIED AS MOOT.

                                          s/Robert H. Cleland    /
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: September 28, 2022

---

no motion need be filed and no court order is necessary." Fed. R. Crim. P. 16, advisory committee's notes to 1975 Enactment.
[3] This Local Rule is made applicable to criminal cases through E.D. Mich. LCrR 12.1(a).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Wagner     /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\20-20448.PETERSON.DiscoveryRequestsandNoticeDenied.NH.docx