**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                          Case No. 20-20448

D-1 DUANE PETERSON,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING THE GOVERNMENT'S PROPOSAL
TO INCLUDE "OR THE CONSPIRATOR" PHRASES IN
THE RACKETEERING ACTS INSTRUCTIONS**

Defendant Duane Peterson objects to the Government's proposal to include the phrases "or the conspirator" in the racketeering acts instructions, arguing that such instructions incorrectly instruct the jury that Defendant may be convicted based solely on the act of others. However, the Sixth Circuit has approved the inclusion of "this language in the elements of the racketeering act for a RICO conspiracy charge and rejected similar arguments in *United States v. Bailey*, No. 19-2280, 2022 WL 2444930 (6th Cir. July 5, 2022):

> According to the defendants, the jury instructions incorrectly defined the racketeering acts. For example, the defendants argue that by describing the elements of attempted murder as applying when "the defendant or a conspirator" committed the act, the instructions say that a defendant could be found guilty of the offense based on only the conduct of another person. But the defendants are mistaken. Read in context, the instructions simply clarify that the jury could convict the defendant if the defendant agreed to further an enterprise in which either he *or a conspirator* would commit the racketeering acts. *See Saadey*, 393 F.3d at 676. Indeed, the instructions correctly explain that to convict a defendant of RICO conspiracy, the evidence must show "that the defendant under consideration agreed that he or one of the conspirators who were associated with the Seven Mile Bloods enterprise, would engage in a

> pattern of racketeering, that is, intentionally commit, or cause, or help the commission of two or more racketeering acts." R. 1159, Pg. ID 15053. And when listing the alleged racketeering acts, the instructions explain that an act qualifies if, for instance, "the defendant or a conspirator caused the death of another person." *Id.* at 15056. Thus, the instructions make clear that the defendant must agree that either the defendant or a conspirator would commit the substantive offense. As the district court put it, eliminating the "or a conspirator" phrase "would mislead the jury to believe they are required to tie the acts ... to the main defendant involved." R. 1416, Pg. ID 18669.

*Id.* at *8 (alteration in original).

Similarly, the jury instructions in the instant case make clear that to return a guilty verdict of the RICO conspiracy charge, the jury must be convinced beyond a reasonable doubt that "the defendant agreed that he or one or more of the conspirators who were associated with the It's Just Us enterprise, would engage in a pattern of racketeering— that is, intentionally commit, or cause, or help the commission of, two or more racketeering acts." Like the district court in *Bailey*, the court finds that eliminating the "or the conspirator" phrases "would mislead the jury to believe that they are required to tie the acts [to Defendant]." *Bailey,* 2022 WL 2444930, at *8. Accordingly, and for the reasons further stated on the record,

IT IS ORDERED that the Government's proposed inclusion of the phrases "or the conspirator" in the underlying racketeering acts instructions is ADOPTED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: December 7, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2022, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522