UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

D-1 Duane Peterson,
    a.k.a. "Juan,"

        Defendant.
_____/

Case No. 20-cr-20448

Honorable Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

Based on the Second Superseding Indictment, the Government's Second Forfeiture Bill of Particulars, the evidence admitted during trial, the guilty verdict, the United States' Application for Preliminary Order of Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 1963(a)(1)-(3), 21 U.S.C. § 853(a), and Federal Rule of Criminal Procedure 32.2, the Court finds that the following property (hereinafter "Subject Property") has a sufficient nexus to Defendant's offenses of conviction and therefore is subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963(a)(1)-(3), 21 U.S.C. § 853(a):

**Firearms and Ammunition**

    1.    One Glock .40 caliber pistol, Model 27, Serial No. TFY854, along with One Black, 25 round capacity .40 caliber magazine and 15 rounds of .40 caliber ammunition;

2. One Springfield Armory, XD-40 Hi Cap, black plastic gun box, Serial No. US490445;

3. One Glock, .40 caliber pistol, Model 23 Gen 4, Serial No. BAAH155, along with 15 rounds of .40 caliber ammunition from .40 caliber magazine, One round of .40 caliber ammunition from the Glock weapon chamber; and one empty .40 caliber magazine;

4. One Smith & Wesson, 9mm caliber pistol, Model: M&P 9 Shield, Serial No. HSB1647;

5. One Glock GMBH, 9mm caliber pistol, Model: 19, Serial No. KTT020, with Magazine;

**Cellular Phones**

6. One Pink and White Apple iPhone SE, with cracked screen, Model A1662, S/N: not visible;

7. One Black Apple iPhone, Model A1784, S/N: not visible.

8. One Silver Samsung cellphone, S/N: YA1K4271S/2-B;

9. One Silver and White Apple iPhone, with cracked screen, Model A1549, S/N: not visible;

10. One Grey and Black Verizon Samsung flip phone, Model SCH-U680, S/N: AA1FB11PS/4-B;

11. One Black Apple iPhone cell phone, Model: 1661, S/N: unknown, FCC ID: BCG-E3087A;

12. One Pink Apple iPhone cell phone, Model: A1634, S/N: unknown, FCC ID: BCG-E2944A;

13. One Apple iPhone cell phone, Model & S/N: unknown, with black case;

2

    14.    One Alcatel cell phone, Model & S/N: unknown, IMEI: 014892003115874; and

**Currency**

    15.    $1,157.00 in U.S. Currency.

The Court further **ORDERS** that any right, title or interest of Defendant and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Property **IS FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS THAT**

1.    Upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of

actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property.  Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

2. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence in this case and included in the Judgment.

4. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

5. If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

6. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

****************************************************************

**IT IS SO ORDERED.**

Dated: April 27, 2023

 s/Robert H. Cleland
HONORABLE ROBERT H. CLELAND
United States District Judge